1  **David E. Barker, Esq. (State Bar No. 190176)**
2  **Trevor B. McCann, Esq. (State Bar No. 243724)**
   **COLLINS + COLLINS LLP**
3  **10681 Foothill Boulevard, Suite 260**
4  **Rancho Cucamonga, CA  91730**
   **(909) 581-6100 – FAX (909) 581-6101**
5  **Email:  dbarker@ccllp.law**
6  **Email:  tmccann@ccllp.law**
   Attorneys for Defendants and Cross-complainants,
7  IGAL BENHAMOU; MOUSQUETAIRES, LLC;
8  TRIBL GROUP, LLC; MATTHEW ROSENBERG

9  **FARHAD NOVIAN, ESQ. (SBN 118129)**
10 **farhad@novianlaw.com**
   **BRIAN NGUYEN, ESQ. (SBN 336704)**
11 **briann@novianlaw.com**
12 **NOVIAN & NOVIAN, LLP**
   **Attorneys at Law**
13 **1801 Century Park East, Suite 1201**
14 **Los Angeles, California 90067**
   **Telephone:  (310) 553-1222**
15 **Facsimile:   (310) 553-0222**
16 Attorneys for Plaintiff and Cross-Defendant SERGE BUENO

17            **UNITED STATES DISTRICT COURT**

18        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

19

| | |
|---|---|
| 20  SERGE BUENO, | CASE NO. 2:21-CV-04595 |
| 21              Plaintiff, | *[Assigned to Judge James V. Selna, Courtroom 10C]* |
| 22       vs. | |
| 23 | **ORDER RE STIPULATION AND REQUEST FOR PROTECTIVE ORDER** |
| 24  IGAL BENHAMOU, *et al.*, | |
| 25              Defendants, | Complaint Filed:  June 03, 2021 |
| 26  and related actions. | Counterclaim Filed: August 13, 2021 |
| 27 | Trial Date:          October 4, 2022 |
| 28 | |

**COLLINS + COLLINS** LLP

Having read and considered the parties' Stipulation for Protective Order, and also considering the Court's finding in its April 20, 2022 order that a protective order is warranted in this case, the Court hereby GRANTS the parties' request for a Protective Order, the terms of which shall be as follows:

1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      DEFINITIONS

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

COLLINS + COLLINS LLP

1        2.4   <u>Designating Party</u>: a Party or Non-Party that designates information or

2  items that it produces in disclosures or in responses to discovery as

3  "CONFIDENTIAL."

4        2.5   <u>Disclosure or Discovery Material</u>: all items or information, regardless of

5  the medium or manner in which it is generated, stored, or maintained (including,

6  among other things, testimony, transcripts, and tangible things), that are produced or

7  generated in disclosures or responses to discovery in this matter.

8        2.6   <u>Expert</u>: a person with specialized knowledge or experience in a matter

9  pertinent to the litigation who has been retained by a Party or its counsel to serve as an

10  expert witness or as a consultant in this action.

11        2.7   <u>House Counsel</u>: attorneys who are employees of a party to this action.

12  House Counsel does not include Outside Counsel of Record or any other outside

13  counsel.

14        2.8   <u>Non-Party</u>: any natural person, partnership, corporation, association, or

15  other legal entity not named as a Party to this action.

16        2.9   <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to

17  this action but are retained to represent or advise a party to this action and have

18  appeared in this action on behalf of that party or are affiliated with a law firm which

19  has appeared on behalf of that party.

20        2.10  <u>Party</u>: any party to this action, including all of its officers, directors,

21  employees, consultants, retained experts, and Outside Counsel of Record (and their

22  support staffs).

23        2.11  <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or

24  Discovery Material in this action.

25        2.12  <u>Professional Vendors</u>: persons or entities that provide litigation support

26  services (e.g., photocopying, videotaping, translating, preparing exhibits or

27

28

demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or  (2) final judgment herein after the completion and exhaustion of all

1  appeals, rehearings, remands, trials, or reviews of this action, including the time limits

2  for filing any motions or applications for extension of time pursuant to applicable law.

3  5.      DESIGNATING PROTECTED MATERIAL

4      **5.1**    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

5  Each Party or Non-Party that designates information or items for protection under this

6  Order must take care to limit any such designation to specific material that qualifies

7  under the appropriate standards. The Designating Party must designate for protection

8  only those parts of material, documents, items, or oral or written communications that

9  qualify – so that other portions of the material, documents, items, or communications

10  for which protection is not warranted are not swept unjustifiably within the ambit of

11  this Order.

12      Mass, indiscriminate, or routinized designations are prohibited. Designations that

13  are shown to be clearly unjustified or that have been made for an improper purpose

14  (e.g., to unnecessarily encumber or retard the case development process or to impose

15  unnecessary expenses and burdens on other parties) expose the Designating Party to

16  sanctions.

17      If it comes to a Designating Party's attention that information or items that it

18  designated for protection do not qualify for protection, that Designating Party must

19  promptly notify all other Parties that it is withdrawing the mistaken designation.

20      5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this

21  Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated

22  or ordered, Disclosure or Discovery Material that qualifies for protection under this

23  Order must be clearly so designated before the material is disclosed or produced.

24      Designation in conformity with this Order requires:

**COLLINS + COLLINS** LLP

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the

COLLINS + COLLINS LLP

Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

    **6.1**    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time.

    6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37 by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice.

    6.3    <u>Judicial Intervention</u>. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation or a related litigation arising under the same set of operative facts. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this

Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court

of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.

1   Absent a court order to the contrary, the Non-Party shall bear the burden and expense
2   of seeking protection in this court of its Protected Material.

3   10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

4           If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
5   Protected Material to any person or in any circumstance not authorized under this
6   Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing
7   the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve
8   all unauthorized copies of the Protected Material, (c) inform the person or persons to
9   whom unauthorized disclosures were made of all the terms of this Order, and (d)
10  request such person or persons to execute the "Acknowledgment and Agreement to Be
11  Bound" that is attached hereto as Exhibit A.

12  11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
13  PROTECTED MATERIAL

14          When a Producing Party gives notice to Receiving Parties that certain
15  inadvertently produced material is subject to a claim of privilege or other protection,
16  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil
17  Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure
18  may be established in an e-discovery order that provides for production without prior
19  privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the
20  parties reach an agreement on the effect of disclosure of a communication or
21  information covered by the attorney-client privilege or work product protection, the
22  parties may incorporate their agreement in the stipulated protective order submitted to
23  the court.

24  12.     MISCELLANEOUS

25          12.1    Right to Further Relief. Nothing in this Order abridges the right of any
26  person to seek its modification by the court in the future.

27          12.2    Right to Assert Other Objections. By stipulating to the entry of this
28  Protective Order no Party waives any right it otherwise would have to object to

1  disclosing or producing any information or item on any ground not addressed in this
2  Stipulated Protective Order. Similarly, no Party waives any right to object on any
3  ground to use in evidence of any of the material covered by this Protective Order.

4       12.3   Filing Protected Material. Without written permission from the
5  Designating Party or a court order secured after appropriate notice to all interested
6  persons, a Party may not file in the public record in this action any Protected Material.
7  A Party that seeks to file under seal any Protected Material must comply with Civil
8  Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court
9  order authorizing the sealing of the specific Protected Material at issue. Pursuant to
10  Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that
11  the Protected Material at issue is privileged, protectable as a trade secret, or otherwise
12  entitled to protection under the law. If a Receiving Party's request to file Protected
13  Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the
14  Receiving Party may file the information in the public record pursuant to Civil Local
15  Rule 79-5 unless otherwise instructed by the court.

16  13.    FINAL DISPOSITION
17  Within 60 days after the final disposition of this action, as defined in paragraph 4, each
18  Receiving Party must return all Protected Material to the Producing Party or destroy
19  such material. As used in this subdivision, "all Protected Material" includes all copies,
20  abstracts, compilations, summaries, and any other format reproducing or capturing any
21  of the Protected Material. Whether the Protected Material is returned or destroyed, the
22  Receiving Party must submit a written certification to the Producing Party (and, if not
23  the same person or entity, to the Designating Party) by the 60 day deadline that (1)
24  identifies (by category, where appropriate) all the Protected Material that was returned
25  or destroyed and (2) affirms that the Receiving Party has not retained any copies,
26  abstracts, compilations, summaries or any other format reproducing or capturing any of
27  the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an
28  archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

1  legal memoranda, correspondence, deposition and trial exhibits, expert reports,

2  attorney work product, and consultant and expert work product, even if such materials

3  contain Protected Material. Any such archival copies that contain or constitute

4  Protected Material remain subject to this Protective Order as set forth in Section 4

5  (DURATION).

6

7  PURSUANT TO STIPULATION, IT IS SO ORDERED.

8

9  DATED: June 7, 2022

10  _____

United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COLLINS + COLLINS LLP

*23267*

PROPOSED ORDER RE STIPULATION AND REQUEST FOR PROTECTIVE ORDER

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order that was issued

by the United States District Court for the Central District of California on

_____ [date] in the case of *Bueno v. Benhamou, et al.*,

U.S.D.C. C.D.Cal. Case No. 2:21-CV-04595. I agree to comply with and to be bound

by all the terms of this Stipulated Protective Order and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the nature of

contempt. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in

strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with this

action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

*23267*

PROPOSED ORDER RE STIPULATION AND REQUEST FOR PROTECTIVE ORDER

COLLINS + COLLINS LLP

**PROOF OF SERVICE**
**(CCP §§ 1013(a) and 2015.5; FRCP 5)**

State of California,                          )
                                              )  ss.
County of Contra Costa.                       )

      I am employed in the County of Contra Costa, State of California. I am over the age of 18 and not a party to the within action; my business address is 2175 N California Boulevard., Suite 835, Walnut Creek, California 94596.

      On this date, I served the foregoing document described as **PROPOSED ORDER RE STIPULATION AND REQUEST FOR PROTECTIVE ORDER (for standard litigation)** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

Farhad Novian, Esq.
Brian Nguyen, Esq.
NOVIAN & NOVIAN, LLP
1801 Century Park East, Suite 1201
Los Angeles, CA 90067
Tel: (310) 553-1222 – Fax: (310) 553-0222
farhad@novianlaw.com
briann@novianlaw.com
**ATTORNEYS FOR PLAINTIFF SERGE BUENO**

☐ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Walnut Creek, California to be served on the parties as indicated on the attached service list. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Walnut Creek, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in Walnut Creek, California.

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☒ **(BY ELECTRONIC FILING AND/OR SERVICE)** – I served a true copy, with all exhibits, electronically on designated recipients listed on the attached service list.

☐ **(ELECTRONIC SERVICE PER CODE CIV. PROC., § 1010.6)** – By prior consent or request or as required by rules of court (Code Civ. Proc., § 1010.6 (amended Jan. 1, 2021); Code Civ. Proc., § 1013(g); Cal. Rules of Court, rule 2.251(a)).

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

Executed on **May 26, 2022** at Walnut Creek, California.

☐ **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
KELLY FORST
kforst@ccllp.law

PROPOSED ORDER RE STIPULATION AND REQUEST FOR PROTECTIVE ORDER